BRYAN SCHRODER
Acting United States Attorney
RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
Email: richard.pomeroy@usdoj.gov
Alaska State Bar No. 8906031

BRUCE L. BROWN
Associate Regional Solicitor
DONNA F. BOND
Trial Attorney
Office of the Solicitor
United States Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6751
Facsimile: (206) 757-6761
Email: bond.donna@dol.gov
Washington State Bar No. 36177

Attorneys for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>        Plaintiff,<br>        v.<br><br>STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION AND PUBLIC FACILITIES<br><br>        Defendant. | CIVIL ACTION<br><br>CASE NO.<br><br>**COMPLAINT – Labor**<br>(29 U.S.C. §2601, *et seq.*) |

I.  Plaintiff brings this action for injunctive and other relief, for violations of the Family Medical Leave Act of 1991, as amended (29 U.S.C. §2601 *et seq.*), ("the Act") seeking to enforce the provisions of §102, §104 and §105 of the Act and the Regulations published at 29 C.F.R. Part 825.

II.  Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §2617(b)(2) and (d); § 107(b)(2) and (d) of the Act.

III.  Defendant State of Alaska, Department of Transportation and Public Facilities ("Defendant" or "DOT") is a public agency which, among other things, operates the Alaska Marine Highway System ("AHMS").

IV.  Defendant is an "employer" which "employs" "eligible employees" as those terms are defined by the Act and relevant regulations.  29 U.S.C. §2611(2)-(3); 29 U.S.C. §203(g); 29 C.F.R §825.100-104.

V.  Defendant schedules certain eligible employees to work on a rotational basis.  These "rotational employees" are commonly scheduled in advance to work for periods of time lasting between approximately one and three workweeks and then are not scheduled to work for a similar period of between approximately one and three weeks.

VI.  Under the Act, eligible employees are entitled to 12 workweeks of leave for a qualifying reason within a 12-month period.  C.F.R. §825.200.

VII.  Under the Act, weeks an employer has not scheduled a rotational employee to report to work cannot be considered leave and cannot be counted against the eligible employee's 12 workweek entitlement.  See 60 Fed. Reg. 2203, 2229 (1995); 29 C.F.R. §825.200(h).

VIII.  Beginning in June 2014 and continuing to present, when Defendant has granted rotational employees blocks of leave under the Act, Defendant has miscalculated the amount of leave to which rotational employees are entitled by improperly considering the weeks the rotational employees are not scheduled to work as workweeks under the Act and subtracting that time from eligible employees' 12 workweek entitlement under the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

A. For an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the

provisions of §104 and §105 of the Act (29 U.S.C. §2115) including the restraint of any withholding of payment of wages, salary, employment benefits, or other compensation, plus interest, found by the court to be due to eligible employees; and to award such other equitable relief as may be appropriate, including reinstatement and promotion; and

B.  For all appropriate relief,

(a) for any rotational employee who was terminated because of a failure to return to work which was caused by the miscalculation detailed in Paragraph VI, payment for lost wages and benefits including interest thereon, liquidated damages; and

(b) for any rotational employee who was terminated due to the miscalculation detailed in Paragraph VI, reinstatement to his or her previous position or its equivalent with Defendant;

(c) reinstatement of any leave which has been improperly deducted from a rotational employee's 12 workweek entitlement; and

C.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 16th day of August, 2017.

Nicholas C. Geale
Solicitor of Labor

Janet M. Herold
Regional Solicitor

Bruce L. Brown
Associate Regional Solicitor

Donna F. Bond
Trial Attorney

   s/ Donna F. Bond
Donna F. Bond
WSBA 36177
U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Avenue, Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6751
Facsimile: (206) 757-6761
Bond.Donna@dol.gov

Attorneys for Plaintiff