IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

R. ALEXANDER ACOSTA, )
Secretary of Labor, United States Department )
of Labor, )
 )
                           Plaintiff, )
 )
  vs. )
 )
STATE OF ALASKA, Department of )
Transportation and Public Facilities, )
 )  No. 1:17-cv-0009-HRH
                        Defendant. )
 )

O R D E R

Cross-Motions for Summary Judgment

Plaintiff moves for partial summary judgment and the issuance of a permanent injunction.[1] This motion is opposed, and defendant cross-moves for summary judgment.[2] Defendant's cross-motion is opposed.[3] Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 19.

[2]Docket No. 24.

[3]Docket Nos. 26 and 31.

Facts

Plaintiff is R. Alexander Acosta, the Secretary of Labor. Defendant is the State of Alaska, Department of Transportation and Public Facilities.

This case involves the calculation of leave under the Family Medical Leave Act (FMLA) for defendant's employees who work on vessels on the Alaska Marine Highway System (AMHS). "AMHS employees' work schedules are established in collective bargaining agreements."[4] Some of the AMHS employees work on a rotational basis. For example, some employees work one week on and one week off, and some work two weeks on and two weeks off. Some employees even have the option of working four weeks on and four weeks off. "Schedules are selected and set two weeks in advance for unlicensed employees and typically on a quarterly basis for licensed employees[.]"[5]

Plaintiff alleges that since June 2014, defendant has "miscalculated the amount of leave to which rotational employees are entitled" under the FMLA.[6] Section 2612(a)(1) of the FMLA provides eligible employees with the general entitlement of "a total of 12 workweeks of leave during any 12-month period. . . ." 29 U.S.C. § 2612(a)(1). These twelve workweeks of FMLA leave may be taken in one continuous block or an employee may take FMLA leave "intermittently or on a reduced leave schedule when medically necessary." 29

---

[4]Affidavit of Nancy Sutch at 3, ¶ 5, Docket No. 25.

[5]Id. at 7, ¶ 9.

[6]Complaint at 2, ¶ VIII, Docket No. 1.

U.S.C. § 2612(b)(1). This case involves FMLA leave taken in one continuous block pursuant to Section 2612(a).

Plaintiff alleges that defendant is miscalculating FMLA leave for rotational employees "by improperly considering the weeks the rotational employees are not scheduled to work as workweeks" and "subtracting that time from the eligible employees' 12 workweek entitlement. . . ."[7] Defendant contends that counting weeks that rotational employees are not scheduled to work for purposes of calculating FMLA leave "would lead to extraordinary complexity and unpredictability for the AMHS and unequal treatment for employees."[8]

Plaintiff commenced this action on August 16, 2017. Plaintiff seeks injunctive relief enjoining defendant from violating the FMLA in the future and monetary damages and other relief on behalf of any rotational employees who have been harmed by defendant's miscalculations.

On October 18, 2017, defendant moved to dismiss plaintiff's complaint for failure to state a plausible claim. Defendant argued that "plaintiff ha[d] failed to state a plausible claim for relief because plaintiff's interpretation of the FMLA 12-week leave entitlement as it applies to rotational employees [was] not reasonable."[9] The court rejected defendant's argument because it found that plaintiff's interpretation of the 12-week leave entitlement as

---

[7]Id.

[8]Sutch Affidavit at 7, ¶ 10, Docket No. 25.

[9]Order re Motion to Dismiss at 3-4, Docket No. 13.

-3-

it applied to rotational employees was reasonable.[10] Thus, the court found that plaintiff had stated a plausible claim.[11]

Plaintiff now moves for partial summary judgment on three issues: 1) that this court has subject matter jurisdiction of this action, 2) that defendant is an employer which employs eligible employees under the FMLA, and 3) that defendant's practice of calculating FMLA leave to include weeks when a rotational employee is not scheduled to work violates the FMLA. In addition, plaintiff requests that the court enter a permanent injunction enjoining defendant from continuing to violate the FMLA by calculating FMLA leave to include weeks when a rotational employee is not scheduled to work. Defendant cross-moves for summary judgment that calculating FMLA leave to include weeks when a rotational employee is not scheduled to work does not violate the FMLA.

## Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

---

[10] Id. at 10.

[11] Id.

In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits." Fair Housing Council of Riverside County, Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001) (citation omitted).

Plaintiff first moves for summary judgment that this court has subject matter jurisdiction. Plaintiff moves for summary judgment on this issue because in its answer, defendant denied that the court had subject matter jurisdiction.[12]

"[T]he court has an 'independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 773 (9th Cir. 2017) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)). The court has always had federal question jurisdiction of this matter. Plaintiff's motion for summary judgment on this issue was unnecessary.

Secondly, plaintiff moves for summary judgment that defendant is an employer which employs eligible employees under the FMLA. Plaintiff has so moved because in its answer,

---

[12]Answer at 2, ¶ II, Docket No. 14.

defendant appeared to deny that it was an employer which employed eligible employees under the FMLA.[13] Defendant has since advised plaintiff that this issue is not contested,[14] and defendant makes no argument in response to plaintiff's motion for summary judgment on this issue. Plaintiff's motion for summary judgment that defendant is an employer which employs eligible employees under the FMLA is granted.

Thirdly, plaintiff argues that it is entitled to summary judgment that defendant's calculation of FMLA leave for rotational employees to include weeks that rotational employees are not scheduled to work violates the FMLA. Plaintiff basically asks that the court reaffirm the ruling it made on defendant's motion to dismiss.

In its order denying defendant's motion to dismiss, the court reviewed plaintiff's interpretation of Section 2612(a) "under the familiar two-step framework set forth in Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984)." Ctr. for Biological Diversity v. Salazar, 695 F.3d 893, 902 (9th Cir. 2012). First, the court considered whether Congress had spoken to the precise question of how to calculate leave for rotational employees and concluded that it had not.[15] Second, the court considered whether plaintiff's interpretation of Section 2612(a) was reasonable and concluded that it

---

[13]Id. at 2, ¶ IV.

[14]Exhibit A, Declaration of Jennifer L. Sta.Ana [etc.], which is appended to Secretary's Motion for Partial Summary Judgment [etc.], Docket No. 19.

[15]Order re Motion to Dismiss at 5-6, Docket No. 13.

was based on the intent of the FMLA, the legislative history of Section 2612, the implementing regulations, and case law.[16]

Plaintiff argues that there is no reason for the court to depart from its determination that his interpretation of Section 2612(a) is reasonable. Defendant, however, argues that the court can, and should, reconsider the decision that it made on defendant's motion to dismiss because "[g]iven the different standards for motions to dismiss and motions for summary judgment, courts may (and routinely do) reconsider the same legal arguments at the summary judgment stage." Braden Partners, LP v. Twin City Fire Ins. Co., Case No. 14-cv-01689-JST, 2017 WL 63019, at *6 (N.D. Cal. Jan. 5, 2017).

As an initial matter, defendant argues that plaintiff's interpretation of Section 2612(a) is not entitled to deference because it is solely a litigation position. See Bowen v. Georgetown University Hosp., 488 U.S. 204, 213 (1988) ("[d]eference to what appears to be nothing more than an agency's convenient litigating position would be entirely inappropriate"). "[D]eferring to agencies' litigating positions interpreting statutes they are charged with administering would create a danger that agencies would avoid promulgating regulations altogether, given the comparative ease of announcing a new statutory interpretation in a brief rather than through formal rulemaking." Price v. Stevedoring Services of Amer., Inc., 697 F.3d 820, 830 (9th Cir. 2012). Because there are no regulations applying the FMLA to

---

[16] Id. at 6-10.

rotational employees, defendant insists that plaintiff's interpretation of Section 2612(a) is not entitled to Chevron deference.

But even if plaintiff's interpretation of Section 2612(a) is not entitled to Chevron deference, an agency's interpretation of a statute may still be entitled to Auer or Skidmore deference. "[W]here an agency interprets its own regulation, even if through an informal process, its interpretation of an ambiguous regulation is controlling under Auer unless 'plainly erroneous or inconsistent with the regulation.'" Bassiri v. Xerox Corp., 463 F.3d 927, 930 (9th Cir. 2006) (quoting Auer v. Robbins, 519 U.S. 452, 461 (1997)). "Under Skidmore, [the court] accord[s] an agency's interpretation a measure of deference proportional to the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." Independent Training and Apprenticeship Program v. California Dep't of Indus. Relations, 730 F.3d 1024, 1036 (9th Cir. 2013) (citation omitted). Whether plaintiff's interpretation is reasonable, controlling, or merely persuasive, plaintiff's interpretation of Section 2612(a) is consistent with the intent of the FMLA, the legislative history, and the implementing regulations. Defendant's arguments to the contrary are unavailing.

First, defendant argues that the "best" interpretation of Section 2612(a) would be that rotational employees are entitled to twelve calendar weeks of FMLA leave, as opposed to twelve workweeks, which means that defendant could count weeks that rotational employees were not otherwise scheduled to work as FMLA leave if the employee is taking FMLA leave

in one continuous block. Defendant points out that the FMLA was intended "'to balance the demands of the workplace with the needs of families'" and entitles "'employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition[.]'" Sanders v. City of Newport, 657 F.3d 772, 776-77 (9th Cir. 2011) (quoting 29 U.S.C. § 2601(b)). As set out above, Congress decided that eligible employees would be entitled to "a total of 12 workweeks of [FMLA] leave during any 12-month period. . . ." 29 U.S.C. § 2612(a)(1). Defendant argues that plaintiff's interpretation of Section 2612(a) reads the 12-week limit out of the statute and that plaintiff is adding a special provision for rotational employees that Congress did not include in the statute. Defendant argues that if Congress had intended for a special rule to apply to rotational employees, it could have expressly included such a provision in the FMLA, as it did for service members and airline flight crews. See 29 U.S.C. § 2612(a)(3), (5).

Defendant, not plaintiff, is reading the 12-week limit out of the statute. The statute provides that an eligible employee is entitled to twelve <u>workweeks</u> of FMLA leave each year. Under defendant's interpretation of Section 2612(a), rotational employees would only be given twelve <u>weeks</u> of FMLA leave, not twelve <u>workweeks</u> as the statute provides. Section 2612(a) expressly provides that an employee is entitled to twelve workweeks of FMLA leave, and as the court explained in its order on defendant's motion to dismiss, "[a] plain and sensible reading of Section 2612(a) would be that a 'workweek' is time that an employee is

<u>actually</u> required to be at work."[17]

Defendant also again urges the court to follow <u>Murphy v. John Christner Trucking, LLC</u>, Case No. 11–CV–444–GKF–TLW, 2012 WL 3428072 (N.D. Okla. Aug, 15, 2012). There, the court found that

> Section 2612(a)(1) and its implementing regulation, 29 C.F.R. § 825.200, reference "workweeks," but make no mention of "the amount of leave actually taken" or the "actual workweek." Applying the canons of construction, this court must—somewhat reluctantly—conclude the legislature's choice of language was deliberate. If Congress had intended to restrict the employer's application of FMLA leave time under § 2612(a)(1) to only those weeks during which rotational employees would actually be on duty, it would have included language similar to § 2612(b). It did not do so. The "actual workweek" language of § 2612(b) and 29 C.F.R. § 825.205 is not applicable to § 2612(a)(1).

<u>Id.</u> at *5. The court concluded that Murphy's employer had not improperly calculated his FMLA leave by counting "the approximately two weeks per month that [Murphy] was not scheduled to report for duty. . . ." <u>Id.</u> at *4, 6.

In the order on defendant's motion to dismiss, the court found the <u>Murphy</u> court's "interpretation of Section 2612(a) . . . contrary to the plain and sensible meaning of Section 2612(a) and to Congress' intent that eligible employees are entitled to 12 'workweeks' of FMLA leave."[18] The court continues to find <u>Murphy</u> unpersuasive.

---

[17] Order re Motion to Dismiss at 6, Docket No. 13.

[18] <u>Id.</u> at 10.

Defendant also questions the court's reliance on 29 C.F.R. § 825.200(h) in its order on defendant's motion to dismiss. Subsection (h) provides:

> For purposes of determining the amount of leave used by an employee, the fact that a holiday may occur within the week taken as FMLA leave has no effect; the week is counted as a week of FMLA leave. However, if an employee is using FMLA leave in increments of less than one week, the holiday will not count against the employee's FMLA entitlement unless the employee was otherwise scheduled and expected to work during the holiday. Similarly, if for some reason the employer's business activity has temporarily ceased and employees generally are not expected to report for work for one or more weeks (e.g., a school closing two weeks for the Christmas/New Year holiday or the summer vacation or an employer closing the plant for retooling or repairs), the days the employer's activities have ceased do not count against the employee's FMLA leave entitlement.

The court reasoned that

> [a] rotational employee's situation is similar to that of the employee whose employer closes for two weeks for the Christmas/New Year holiday. For those two weeks, that employee is not required to be at work and those two weeks do not count against the employee's FMLA leave entitlement. Similarly, during his two weeks "off", a rotational employee is not required to be at work, and it follows that those two weeks should not count against the rotational employee's FMLA leave.[19]

Defendant, however, argues that 29 C.F.R. § 825.200(h) supports its interpretation of Section 2612(a) because it makes sense that if an employer's operation is actually shut down, then the employer does not require that any of its employees come to work. But, if the

---

[19]Id. at 9.

employer's operations are still occurring, which is the case here, defendant contends that any missing employee from a rotational employee pool will affect scheduling and employer expense.

Subsection (h) does not support defendant's interpretation of Section 2612(a). If an employee is a rotational employee who was not scheduled to work during a given week, that employee is not "missing" but rather not at work as per his or her schedule. The court again finds that 29 C.F.R. § 825.200(h) provides support for plaintiff's interpretation of Section 2612(a) for the reasons set out above.

Defendant next argues that plaintiff's interpretation of Section 2612(a) would lead to extraordinary complexity and unpredictability as well as unequal treatment of similarly situated employees. Defendant contends that the calculation of FMLA leave under plaintiff's interpretation would depend on the random event of which particular schedule an AMHS employee happened to be working prior to the start of his or her FMLA leave. Defendant suggests that this would make it incredibly hard for it to calculate FMLA leave for AMHS employees. Defendant also contends that under plaintiff's interpretation of Section 2612(a), some employees would get twelve weeks of FMLA leave and some would get twenty-four weeks and that this is unfair.

There is nothing unfair about plaintiff's interpretation of Section 2612(a). Under plaintiff's interpretation, both rotational and non-rotational employees would receive the twelve workweeks of FMLA leave to which they are entitled. Under plaintiff's interpreta-

tion, rotational employees are not receiving extra weeks of FMLA leave as defendant contends. As the court explained in its order on defendant's motion to dismiss, "plaintiff's interpretation of Section 2612(a) does not create a special rule for rotational employees. Rather, it ensures that rotational employees are afforded the 12 workweeks of FMLA leave as Congress intended."[20]

The court is also not persuaded that it would be difficult for defendant to calculate rotational employees' FMLA leave simply because employees may switch between working rotational shifts and non-rotational shifts, as provided for in their CBAs. Moreover, to the extent that defendant is arguing that the CBAs make it too difficult to calculate FMLA leave, defendant is reminded that "[e]mployees cannot waive, nor may employers induce employees to waive, their prospective rights under FMLA." 29 C.F.R. § 825.220(d).

Having considered the parties' proposed interpretations of Section 2612(a) under the summary judgment standard, the court finds that Section 2612(a) does not permit an employer to count weeks that a rotational employee is not scheduled to work as FMLA leave. Plaintiff is entitled to summary judgment that it is a violation of the FMLA to count weeks that a rotational employee is not scheduled to work as FMLA leave. Defendant's cross-motion that it would not be a violation of the FMLA to count such weeks as FMLA leave is denied.

---

[20]Order re Motion to Dismiss at 8, Docket No. 13.

Finally, plaintiff requests that defendant be permanently enjoined from violating the FMLA by counting weeks that rotational employees are not scheduled to work as FMLA leave. In order to be entitled to a permanent injunction,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Plaintiff's request for an injunction is premature. At this point in time, there is no evidence before the court that defendant has in fact violated the FMLA by miscalculating FMLA leave for rotational employees. Although plaintiff contends that it is undisputed that defendant has been calculating FMLA leave by counting weeks that rotational employees are not scheduled to work, in its answer, defendant denies that it has miscalculated FMLA leave for its rotational employees.[21]

## Conclusion

Plaintiff's motion for partial summary judgment is granted in part and denied in part. Plaintiff is entitled to summary judgment that defendant is an employer which employs eligible employees under the FMLA and that counting weeks that a rotational employee is not scheduled to work as FMLA leave violates the FMLA. Plaintiff's motion for partial

---

[21]Answer at 3, ¶ VIII, Docket No. 14.

summary judgment is otherwise denied as is defendant's cross-motion for summary judgment.

DATED at Anchorage, Alaska, this 6th day of November, 2018.

/s/ H. Russel Holland
United States District Judge